**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STANLEY L. NIBLACK, | : | |
| Plaintiff, | : | Civil No. 10-2098 (RBK) |
| v. | : | |
| HOPE HALL, et al., | : | **OPINION** |
| Defendants. | : | |

**APPEARANCES:**

   STANLEY L. NIBLACK, Plaintiff pro se
   204 Stevenson Avenue
   Edgewater, New Jersey 08010

**KUGLER**, District Judge

   Plaintiff, Stanley L. Niblack, a pro se litigant presently residing in Edgewater, New Jersey, at the time he submitted this Complaint for filing, seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

   At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary

relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.   BACKGROUND

Plaintiff, Stanley L. Niblack ("Niblack"), brings this civil action against the following defendants: Hope Hall; Albert J. Bosher, Program Director at Hope Hall; Bill Wilson, Director of Treatment at Hope Hall; Patricia McKerman, Chief Operating Officer of Volunteers of America Delaware Valley Facilities; Ms. Stillman, Job Readiness Coach; Volunteers of America Delaware Valley, Inc.; Marcus O. Hicks, Director of Community Release Programs for the New Jersey Department of Corrections ("NJDOC"); Gary M. Lanigan, NJDOC Commissioner; and the NJDOC. (Complaint, Caption and ¶¶ 4-13).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Niblack alleges that, on or about February 24, 2010, he was transferred by the NJDOC to Hope Hall in Camden, New Jersey.  He claims that he immediately encountered problems with access to the law library because Hope Hall does not have one.  On February 24 and 25, 2010, Niblack submitted grievances concerning his access to legal materials and a typewriter.  During the week of March 1, 2010, defendants Bosher and Wilson told plaintiff that

he could use the computer room to type his legal material. On March 4, 2010, Niblack informed Wilson that he wished to use the computer room and Wilson told him that he would make sure the computer room was opened for him. On March 5, 2010, plaintiff waited for over an hour for Wilson to open the computer room for him. Niblack sent a grievance and appeal to the COO of the Volunteers of America Delaware Valley. (Compl., ¶¶ 15-20).

On March 9, 2010, Niblack spoke with Bosher about mailing bulk legal mail that needed to be weighed for postage and he had someone find the closest post office, but would not let plaintiff go to the post office. On March 10, 2010, the computer room was not open. Plaintiff was allowed to go to Stillman's office at 3:30 p.m. to type his legal material. (Compl., ¶¶ 21, 22).

On March 11, 2010, Niblack informed Stillman that he would not be able to attend job readiness because plaintiff was finishing his legal documents, which allegedly were due that day. Plaintiff states that he missed the deadline. On March 12, 2010, Niblack was informed that he had been "written up" by Stillman for not attending job readiness. Niblack alleges that the action by Stillman was in retaliation for Niblack exercising his constitutional rights to address his legal concerns. Niblack promptly filed a grievance on March 12, 2010. (Compl., ¶¶ 23-25).


On March 16, 2010, Niblack alleges that defendants Bosher and Robinson threatened to send him back to prison if he continued to write any more grievances. Of course, Niblack promptly submitted another grievance to defendants McKernan, Lanigan and Hicks. Lanigan wrote another grievance letter on March 18, 2010. (Compl., ¶¶ 26, 27).

Plaintiff was released on parole in April 2010. He asserts a claim of retaliation in violation of his First and Fourteenth Amendment rights for exercising his right to access the courts. He also generally claims that defendants' acts of retaliation violate New Jersey state law and various federal and state laws, codes, statutes and rules. Niblack seeks punitive, compensatory and special damages in excess of $ 11 million.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

A district court is required to review a complaint in a civil action in which a litigant is proceeding in forma pauperis, to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and

Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

   A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

   Recently, the Supreme Court revised the standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed.R.Civ.P. 8(d).

6

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly. Fowler, 578 F.3d at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50].

---

[2] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

> Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'"  Iqbal, [129 S.Ct. at 1949-50].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

### III.  ANALYSIS

#### A.  Retaliation Claims

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution ... ."  White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990).  To prevail on a retaliation claim, plaintiff must demonstrate that (1) he engaged in constitutionally-protected

activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).  See also Anderson v. Davila, 125 F.3d 148, 160 (3d Cir. 1997) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)); Thaddeus-X v. Blatter, 175 F.3d 378, 386-99 (6th Cir. 1999), cited with approval in Allah, 229 F.3d at 225.

   Based on the allegations as set forth above, this Court finds that Niblack fails to state a retaliation claim against the defendants.  Niblack merely asserts threadbare recitals of the elements of a cause of action, supported only by bare conclusory statements, which is not sufficient under Rule 8 to state a cognizable claim.  See Iqbal, 129 S.Ct. at 1949-50.  Therefore, Niblack's claims of retaliation under either the First or Fourth Amendments will be dismissed for failure to state a claim.

B.   Access to Law Library Claim

   This Court next considers Niblack's allegations that he has been denied access to the courts (via denial of access to the law library) in violation of his First and Fourteenth Amendment rights.  Courts have recognized different constitutional sources for the right of access to the courts.  Principally, the right of

9

access derives from the First Amendment's right to petition and the due process clauses of the Fifth and Fourteenth Amendments.[3] The right of access to the courts requires that "adequate, effective, and meaningful" access must be provided inmates who wish to challenge their criminal charge, conviction, or conditions of confinement. Bounds v. Smith, 430 U.S. 817, 822 (1977). In other words, prison officials must "give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the Courts." Id. at 825. "'[T]he touchstone ... is meaningful access to the courts.'" Peterkin v. Jeffes, 855 F.2d 1021, 1037 (3d Cir. 1988)(*quoting* Bounds, 430 U.S. at 823)(internal quotation omitted).

In Bounds, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of

---

[3] The right of access to the courts is an aspect of the First Amendment right to petition. McDonald v. Smith, 472 U.S. 479, 482 (1985); Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). The Supreme Court also found that "[t]he constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights." Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). See also, Hudson v. Palmer, 468 U.S. 517, 523 (1984)("prisoners have the constitutional right to petition the Government for redress of their grievances, which includes a reasonable right of access to the courts"); Bounds v. Smith, 430 U.S. 817 (1977); Wolff v. McDonnell, 418 U.S. 539, 576 (1974). The right of access to the courts might also arise under the Sixth Amendment's right to counsel; however, under the circumstances of the present case, the Sixth Amendment clearly is not implicated.

meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." The right of access to the courts is not, however, unlimited. "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any <u>other</u> litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." <u>Lewis v. Casey</u>, 518 U.S. 343, 355 (1996) (emphasis in original). Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in one's own defense against pending criminal charges. <u>See</u>, e.g., <u>May v. Sheahan</u>, 226 F.3d 876, 883-84 (7th Cir. 2000); <u>Caldwell v. Hall</u>, 2000 WL 343229 (E.D. Pa. March 31, 2000). <u>But see</u> <u>United States v. Byrd</u>, 208 F.3d 592, 593 (7th Cir. 2000) (pretrial detainee who rejects an offer of court-appointed counsel in satisfaction of the Sixth Amendment right to counsel has no alternative right to access to a law library); <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (same); <u>United States v. Walker</u>, 129 F.3d 1266, 1997 WL 720385, **4 (6th Cir. 1997) (same).

Moreover, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury" by hindering his efforts to pursue such

11

a claim or defense. See Lewis, 518 U.S. at 348-51, 354-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997). "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint." Lewis, 518 U.S. at 351.

    Here, Niblack fails to allege any actual injury as a result of the alleged denial of access to the law library.  He does not allege that he was unable to file this or any other complaint in the courts, and in fact, he has not been limited in filing the instant action, or his other federal court complaints.  He also does not allege that any of his court cases were dismissed because he did not have timely access to the courts.  In short, Niblack fails to articulate how the alleged denial of access to the law library has hindered his efforts to either pursue this claim or defend himself in any pending state or federal proceedings.  Consequently, the allegations in the Complaint are too conclusory to show a denial of court access sufficient to rise to the level of a constitutional deprivation under the Iqbal pleading standard.  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation .... Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Iqbal</u>, 129 S.Ct. at 1949 (citations and internal quotation marks omitted). Accordingly, Niblack's claim alleging denial of access to the courts based on an alleged failure to provide access to the law library will be dismissed without prejudice for failure to state a claim at this time.

C.  <u>State Law and Common Law Claims</u>

Because this Court has dismissed all asserted claims over which it has original federal jurisdiction,[4] the Court will decline supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), over all remaining state and common law claims. Therefore, the Complaint will be dismissed in its entirety as against all defendants at this time.

IV.  CONCLUSION

Therefore, for the reasons set forth above, plaintiff's First and Fourteenth Amendment retaliation claims and his denial of access to the courts claim will be dismissed without prejudice, in their entirety as against all named defendants, for

---

[4] In addition to the retaliation claim and access to courts claim, Niblack makes a general assertion that defendants violated his federal constitutional rights as well as federal laws, codes, statutes and rules. Because the Complaint fails to allege facts sufficient to support this general assertion of federal violations, and such claims rest solely on threadbare allegations and conclusory statements that fail to satisfy the pleading requirements under Rule 8, <u>see</u> <u>Iqbal</u>, 129 S.Ct. at 1949-50, this Court finds no actionable federal claims at this time.

13

failure to state a cognizable claim at this time.  The remaining Counts asserting general claim of violations of state law and common law will be dismissed as the Court declines to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(3).  An appropriate order follows.

                                          S/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge
Dated: December 2, 2010